336

*In re* D. H. C., a Minor.—(THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* D. H. C., Respondent-Appellant.)

Fourth District    No. 16350

Opinion filed February 9, 1981.

MILLS, J., specially concurring.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Gary J. Anderson and Darryl D. Pratscher, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The minor respondent here was found to be delinquent upon a petition alleging the commission of the offense of aggravated battery. The disposition of that proceeding was that the minor was granted probation. That was on June 25, 1979. On July 9, 1979, a petition to revoke the probation was filed and in that petition it was alleged that the minor committed the offenses of arson; that he stole some chewing gum from a food store, and damaged a gumball machine. The trial court ordered the minor placed under temporary detention.

In subsequent proceedings, the minor stipulated to some of the charges, others were dismissed, probation was revoked, and the minor was committed to the Department of Corrections.

This appeal is from that commitment. The only issue on appeal is the assertion that the trial court abused its discretion in ordering the minor committed to the Department of Corrections. We are not persuaded that there was an abuse of discretion, but our review of the factual circumstances of this record is one of the painful aspects of judicial service. We must confess to frustrations at handling societal problems as they are

delivered to the judiciary when we do not have, and society does not furnish, any resources to realistically solve an underlying problem.

This record tells us that this minor was born in 1962. He has a drinking problem of serious proportions; he has used or did use drugs. He first became intoxicated at the age of 12. The minor's parents have been separated for several years and he was shifted back and forth between the father, in California, and the mother, in Illinois. His grades deteriorated when he was in Illinois, and his drinking problems commenced when he was in the sixth grade.

The psychiatric evaluation of the minor indicates that he was an alcoholic who may have been suffering from acute brain syndrome associated with alcoholic intoxication at the time of the offense. The psychiatric evaluation indicated that, in the opinion of the psychiatrist, if the minor did not drink in the future, he was not likely to be dangerous and that whether incarcerated or given probation, it was important that he participate in an alcoholic rehabilitation program. It was thought that this would reduce the chance of recidivism.

A residential counselor for the Champaign County Counsel on Alcoholism testified. She related essentially the same factual information and recommended placement of the minor in St. Mary's Hospital Adolescent Substance Abuse Unit in Minneapolis, Minnesota. She expressed the opinion that the treatment program there available presented an opportunity for treatment and assistance from a peer group. She stated that she was unaware of any adolescent treatment programs for alcoholism in the State of Illinois. The Champaign County program with which she was identified did have a residential program, but it was geared primarily to adult clients.

A probation officer filed a comprehensive report, manifest the same views, and stated that all the minor's delinquent activities center around drinking.

Turning now to the issue on appeal—can we say that the trial judge, faced with this record and this conduct, abused his discretion in committing the minor to the Department of Corrections? We cannot so hold. The trial court had no viable alternative—nor do we.

The judgment is affirmed.

Affirmed.

TRAPP, J., concurs.

Mr. JUSTICE MILLS, specially concurring:

Although I agree with both the test applied in this appeal and the result reached, I deem this the perfect case for disposition by order under Illinois Supreme Court Rule 23.

This opinion has absolutely "no precedential value" and clearly "no substantial question is presented." Written opinions such as this merely take up valuable space on the shelves and add to law office expense that must ultimately be passed on to clients.

The majority apparently wishes to convey to the legislature a message of societal problems and the need for governmental solutions. I submit that such messages are better transmitted by the more appropriate means that are constitutionally mandated of the Illinois Judicial Conference.

Article VI, section 17, of the 1970 Constitution of Illinois directs the "judicial conference to consider the work of the courts and to suggest improvements in the administration of justice and shall report thereon annually in writing to the General Assembly * * *."

To my view, such constitutionally designated procedure is the preferred method for flagging and underscoring problem areas of social concern that have a direct bearing upon the effective administration of justice.